# Bowman, Appellant, *v.* Cochran Coal Company.

*Contracts—Breach of contract—Damages—Case for jury.*

In an action of assumpsit, for damages for breach of contract to furnish coal to the plaintiff, it appeared that the defendant through its agent, had contracted to furnish coal at the rate specified in accordance with the contract, in consideration of the plaintiff's relinquishing certain mining rights.

The contract consisted of an oral agreement which the plaintiff alleged provided that he was to receive $75 and be furnished coal for

his trade at four cents a bushel, as long as the mine was operated, not to exceed fifty years. The defendant denied the allegations of the plaintiff, although it was proven that the agreement had already continued in force for ten years, and that the defendant had already received the benefits of the agreement in regard to the relinquishing of the mining rights of the plaintiff. Under such circumstances, the case was for the jury and it was reversible error to give binding instructions in favor of the defendant.

Argued April 19, 1921. Appeal, No. 35, April T., 1921, by plaintiff, from judgment of C. P. Westmoreland County, Aug. T., 1918, No. 675, on a directed verdict in favor of defendant, in case of M. M. Bowman v. The Cochran Coal Company, a Corporation. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit for breach of contract to supply coal at a reduced price. Before McCONNELL, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the defendant and entered judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was in giving binding instructions for the defendant.

*Charles C. Crowell,* and with him *John C. Silsley,* for appellant, cited: Coyne v. Lackawanna County, 53 Pa. S. C. 603; Trexler v. Africa, 33 Pa. S. C. 395; Kennelly v. Waropoyak, 266 Pa. 94; Second National Bank of Pittsburgh v. Hoffman, 229 Pa. 429; Fry v. National Glass Co., 219 Pa. 514.

*E. P. Doran,* and with him *W. F. Wegley* and *V. E. Williams,* for appellee.

OPINION BY KELLER, J., July 14, 1921:

The learned trial judge was of the opinion, and so charged the jury, that the plaintiff was not entitled to

recover in this action because he had no right to get coal from the Kier mine at the time the alleged breach of contract took place, that right having been revoked by the action of the Kiers, the owners of the mine, in agreeing with defendant that the mine should be bratticed up. The question was not as to his right to mine coal when the contract was broken but when the contract in suit was made. At that time he had the right to take coal from the Kier mine and was doing it for the supply of a local trade made up largely of employees of the Kiers. It was to the interest of the Kiers, who were manufacturers of fire brick, that their employees should have a sufficient supply of coal for their household needs and they accordingly permitted the plaintiff under an oral agreement to operate this mine on a royalty basis and in pursuance thereof he expended a small sum of money, $75, in the purchase and installation of necessary equipment, tracks, etc.

When in 1907 the ventilating apparatus in defendant's adjoining mine failed to work it was necessary for it either to close its abandoned workings, connecting with the Kier mine, by a long and expensive brattice or to construct a small and inexpensive one at the mouth of the Kier mine. It preferred to adopt the latter course and through its superintendent approached the Kiers for the requisite permission. The Kiers referred him to the plaintiff stating that it was to their interest to have their employees supplied with coal, and agreed to the closing of the mine upon his making a satisfactory arrangement with the plaintiff. Defendant's agent thereupon negotiated with the plaintiff who testified that the agreement finally made was that in consideration of his relinquishing his property and rights in the mine the defendant was to pay him $75, the cost of his investment, and furnish coal to him for his trade at four cents a bushel as long as the mine was operated, but not exceeding fifty years. Following this agreement the defendant bratticed up the mouth of the Kier or Bowman

mine, paid the plaintiff $75 and did furnish him coal at four cents a bushel for about ten years and at times when the market price was considerably higher.   It refused to continue to do so, however, after November 24, 1917, and this action was brought to recover the damages to the date of suit by reason of plaintiff's being compelled to supply himself in the open market.   The plaintiff was corroborated to some extent by the testimony of defendant's superintendent who admitted that under the agreement defendant was to furnish plaintiff with coal at four cents a bushel, which was a concession from the market price, as well as by the fact that for years it had recognized and carried out the arrangement, and also the unlikelihood that plaintiff would give up a right which was of some value to him for the bare expense of his equipment.

In any event with such testimony in the case, it was a question of fact for the jury and the court was not justified in giving binding instructions for the defendant.

If defendant secured the plaintiff's consent to the closing of the mine by virtue of a contract made by its superintendent which it was not willing to adopt and ratify, then it was its duty promptly to disaffirm and put the parties back in their former positions.   Having accepted the benefits of the contract, and performed its stipulations for a number of years it does not now lie in its mouth, while still retaining the fruits of the contract, to aver that its agent was without authority to make it.

The assignments of error are sustained and the judgment is reversed and a new trial ordered.