# Fletcher American National Bank *v.* Wells et al., Appellants.

*Partnership—Proof of—Signing trust receipt—Certificate of name under Fictitious Name Act—Evidence—Holding out as partners—Knowledge and acquiescence—Estoppel—Act of March 26, 1915, P. L. 18.*

1. Where a person signs a trust receipt in which he is named with two other persons as a partner, such receipt is evidence as against himself of the existence of such partnership, although he stated to an agent of the person with whom he was dealing, before he signed the paper, that he and the other two persons named were not partners.

2. Such receipt is also evidence of the partnership as against one of the other persons named, if the receipt was subsequently shown to him and he did not deny the existence of the partnership.

3. But the receipt is not evidence against the third person named if it appears that he had no connection with or knowledge of the receipt.

4. A certificate filed in another state under a fictitious name act, stating that a designated business was being conducted by three persons named therein, is evidence of a partnership as against the person filing the same, and another of the three who had knowledge of and acquiesced in its filing, but not against the third person who had no connection with or knowledge of it.

5. The fact that such certificate did not say that the three persons named were partners is immaterial, nor is it material that the certificate was filed thirteen days after the execution of the trust receipts in view of the fact that the paper amounted to a declaration by two of the parties that they were conducting the business, and also in view of the declarations of one of them showing that there had been no change in carrying on the business after the trust receipts had been executed.

6. There was sufficient evidence in such case, from the papers signed by two of the persons and their acts, to warrant a jury, under the Act of March 26, 1915, P. L. 18, in finding that they represented themselves as partners, and were liable as such.

7. Where one of three persons mentioned in a certificate filed under a fictitious name act, as conducting a business designated, acknowledges that he was interested in the business, but there is no evidence that he was a partner in such business, his mere acknowledgment that he was interested in the business is

not sufficient evidence to submit to a jury that he was in fact a partner.

8. Where a person sued with others as a partner, claims that he was merely a manager of a branch business of a corporation, an agreement with such corporation relating to his employment is properly rejected, where it appears by its terms it was to continue for a year only, and was not shown to have been in existence when the papers showing the partnership were executed.

*Appeals—Parties—Partnership—Misjoinder of parties.*

9. On an appeal from a judgment against three persons as partners, where the appellate court decides that one of the defendants was not a partner, but no error appears in the judgment against the other two, the judgment will be reversed as to the first defendant, but affirmed as to the other two.

Argued December 1, 1924.    Appeals, Nos. 116-118, Jan. T., 1925, by defendants, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1922, No. 8039, on verdict for plaintiff, in case of Fletcher American National Bank v. A. L. Wells et al., trading as Wells Motor Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.    Reversed as to J. R. Pierpoint.    Affirmed as to A. L. Wells and C. W. Lloyd.

Assumpsit for value of eleven motor cars.    Before SHOEMAKER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $20,605.44.    Defendants appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Chas. S. Wesley,* of *Tustin & Wesley,* with him *Ralph B. Evans,* of *Evans, Bayard & Frick,* for appellants.— No partnership by estoppel resulted by reason of any representations made to plaintiff: Denithorne v. Hook, 112 Pa. 240; Kirk v. Hartman & Co., 63 Pa. 97; Given v. Albert, 5 W. & S. 333.

The trust receipts were not evidence of a partnership: Ihmsen v. Lathrop, 104 Pa..365; Thompson v. Bank, 111 U. S. 529.

The certificate of registration was inadmissible.

The admission or declaration of one of the alleged partners of itself without more is not admissible as against the other alleged partners: Walker v. Tupper, 152 Pa. 1; Edwards v. Tracy, 62 Pa. 374.

*T. R. White,* with him *Algernon R. Clapp,* for appellee. —There was evidence more than sufficient to sustain the verdict of the jury holding the defendants as partners: Sharpless Co. v. Wilson & Co., 279 Pa. 539; Litwinavage v. Ry., 280 Pa. 53; Williams v. Stores, Inc., 273 Pa. 131; Walker v. Tupper, 152 Pa. 1; Lipshutz v. Lipshutz, 274 Pa. 217.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1925:

The basis of this action of assumpsit was a series of eleven trust receipts for that many motor cars, in each of which it was recited "that we, A. L. Wells, C. W. Lloyd and J. R. Pierpoint, a copartnership under the style of Wells Motor Company,......acknowledge receipt from Premier Motor Corporation" of a described motor car to be held "in trust......for the benefit and security of the Fletcher American National Bank of Indianapolis, Indiana." The receipt was signed "Wells Motor Company, by A. L. Wells." The motor cars having been sold and no accounting made of the proceeds to the bank, it proceeded in this suit against the three defendants as copartners for the amount due, and recovered a verdict; judgment was entered and defendants appealed.

For our review, the controversy between the parties simplifies itself into a single inquiry: Whether there was evidence to sustain the verdict of the jury holding the three defendants liable as partners.

The facts necessary to be outlined for a comprehensive understanding of the case are briefly these: The plaintiff was a creditor of the Premier Motor Corporation of Indianapolis and from it received a number of motor cars in partial satisfaction for advances of money, among them being the eleven cars covered by the trust receipts. The B. L. P. Motor Company was a Pennsylvania corporation and had been the agent in Philadelphia for the sale of cars of the Premier Company. The B. L. P. Company established a branch sales agency in Boston, known as the Wells Motor Company, which was not incorporated. The defendant, Pierpoint, was president and manager of the B. L. P. Company, Lloyd its secretary and treasurer, and Wells the manager of the Boston branch. The eleven cars had been shipped by the Premier Company to points in New England and Whipple, as agent for the plaintiff, entered into negotiations with two of the defendants, Wells and Lloyd, for their purchase. These negotiations resulted in the signing by Wells of the eleven trust receipts, in which the three defendants were designated as copartners. Wells testified, when the receipts were produced to him and prior to signing them he told Whipple that he and the other two persons named therein were not partners; nevertheless he executed them. On the witness stand, Whipple said he showed the trust receipts to Lloyd subsequent to their being signed by Wells and that Lloyd did not deny the partnership. The receipts were dated May 26, 1921. Shortly after this date, on June 8, 1921, under a legal requirement of the Commonwealth of Massachusetts, providing that persons conducting business there under any title other than their real names shall file a certificate stating the name and residence of each person conducting the business, Lloyd filed a certificate, a certified copy of which was offered in evidence, in which it was set forth "That the business of Wells Motor Co. is conducted at No. 842 Commonwealth Ave., in Boston, Mass., by the following named persons: J. R. Pierpoint, A. L.

Wells and C. W. Lloyd." Pierpoint was not shown to have had any connection with or knowledge of either the trust receipts or the certificate.

The reliance of the plaintiffs for their recovery against the defendants, Wells and Lloyd, is upon the receipts and the certificate; as to Pierpoint, upon the testimony which he gave at the trial. The contention of defendants is that the Wells Motor Company was but an agency of the B. L. P. Motor Company, which has become insolvent, and that the transaction of the plaintiff was with that concern and not with defendants as partners. It is significant, however, that the writing which evidenced the consummation of the negotiations was made in defendants' names and nowhere in it is there any indication that they were acting for a disclosed principal.

The trial judge submitted the question to the jury whether defendants had held themselves out to plaintiff as partners and whether the plaintiff had relied upon the representation in making the agreement with them, and the jury found that was the situation. Our conclusion is that there was sufficient evidence to sustain such a finding as to Wells and Lloyd but not as to Pierpoint. So far as Wells is concerned, the evidence against him consists in the main of the trust receipts, supplemented by his knowledge of and acquiescence in the certificate. While it is admitted by Whipple, that Wells said to him prior to the time he executed the receipts that he and the other defendants were not partners, nevertheless the fact is that thereafter, in the receipts, he declared they were. It would be difficult to say that the act of Wells in accepting and delivering the trust receipts was not evidence as against him of a partnership, even though prior to their execution he had 'declared they were not partners. It is admitted that the three defendants in some capacity were engaged in business in Boston under the name of the Wells Motor Co., and this declaration in writing by Wells that their relation was that of partners was sufficient to warrant a

jury in concluding as to him that there was a holding out that they were. It is also material as against Wells that he took part in the discussion with the officials in Boston as to the manner of making out the certificate and later assented to its filing, in which it was declared that he and the two others were conducting the business of the Wells Motor Company and which did not set forth that they were carrying it on as agents for the Pennsylvania corporation.

There was evidence that the negotiations for the delivery of the cars were carried on with both Lloyd and Wells and there was discussion between Whipple and Wells and between Whipple and Lloyd, before the trust receipts were drawn, as to the relation of the defendants which should be set forth in them. Lloyd suggested that they be issued to the B. L. P. Motor Company, which Whipple declined to do, as it was not authorized to do business in Massachusetts. Whipple testified that he and those whom he represented regarded the Wells Motor Company as a copartnership and that Lloyd said to him "Mr. Wells, Mr. Pierpoint and myself are here trading as the Wells Motor Company. I don't know what you call it; whatever it is you fix it up to suit yourself." Lloyd saw the trust certificates after they were prepared and executed by Wells and before they were delivered to the bank and made no objection to the form in which he was designated in them. Lloyd in his own handwriting prepared and filed the certificate in the office of the city clerk in Boston. While it is true the certificate did not say the three defendants were partners, it did set forth that they were conducting the business of the Wells Motor Company and did not mention the B. L. P. Motor Company. It was objected against the certificate that it had been filed thirteen days after the execution of the trust receipts and therefore was not admissible in evidence. We cannot assent to this proposition, for the reason that the paper amounted to a declaration by Lloyd and Wells that they were con-

ducting the business and the latter testified that there had been no change in the method of carrying it on.

Nothing was shown against the defendant Pierpoint, except that he was in Boston on occasions in connection with the business carried on there, and knew it was carried on under the name of the Wells Motor Co. He testified that he and Lloyd were officers of the B. L. P. Motor Company, that the Wells Motor Company was a branch of the Pennsylvania Company, and in answer to the question, "They [meaning himself, Lloyd and Wells] were the three individuals interested in the Wells Motor Company" answered, "If you want to put it that way, yes, sir." We think this was not sufficient to badge him as a partner and the judgment as to him must be set aside: Walker v. Tupper, 152 Pa. 1.

The Uniform Partnership Act of March 26, 1915, P. L. 18, 21, 6 Purdon's Digest 7053, 7055, (section 16) provides, "When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership." In view of these provisions, we are of opinion that since there was sufficient evidence to warrant the jury in finding that the defendants, Wells and Lloyd, represented themselves as partners, they are liable. Wells did so categorically by the papers he signed and Lloyd by the conduct and acts which have been recited.

The third assignment of error complains that the court erred in excluding from the testimony a contract offered by defendants between the B. L. P. Motor Company and Wells made in August, 1919, providing for the opening of a branch of the company's business in Boston under the name of the Wells Motor Co. and showing that Wells was to be employed by the B. L. P. Company as

general manager of this branch. This agreement was properly excluded, as by its terms it continued for a year only and was not shown to have been in existence when the trust certificates were executed in May, 1921.

The other assignments need not be specifically referred to, as they have been considered in the formulation of the opinion and are without merit. The thirteenth assignment of error, which relates to the failure of the court to enter judgment non obstante veredicto, is sustained so far as the defendant, J. R. Pierpoint, is concerned.

The judgment is affirmed as to the defendants Wells and Lloyd, and as to the defendant Pierpoint is reversed and here entered in his favor.