## Rome S. & S. Station *v.* Finch, Appellant.

Argued November 22, 1933. Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and James, JJ.

*John P. Vallilee* of *Schrier & Vallilee,* for appellant.

*Romeyn F. Culver,* for appellee.

OPINION BY STADTFELD, J., December 16, 1933:

This is an appeal by defendant from the refusal of the court below to grant a rule to show cause why a judgment entered against it should not be stricken off.

The judgment was entered pursuant to a warrant of attorney contained in a written agreement, dated the 7th day of June, 1932, executed between "Rome Sales & Service Station" by H. W. Dimon, Prop., Lessor, and Walter Finch, Lessee, under which "undersigned" lessor does lease and "undersigned" lessee does hire one 1929 Chevrolet truck for a total rental of $336, payable $95 on or before delivery, and $241 in monthly installments of $21 commencing July 7, 1932, with lawful interest on installments, after maturity, with an attorney's fee of 15% for collection. The agreement provided, inter alia, that in the event the lessee defaults on any payment, the full amount shall be immediately due and payable and authorizes confession of judgment against lessee for the amount due in favor of the lessor.

On September 12, 1932, plaintiff filed the lease aforesaid and an affidavit of default and by virtue of the warrant in said lease contained caused judgment to be entered in the sum of $220.45 and costs, including 15% collection fee, being the amount alleged to be due because of the default of the said Walter Finch, defendant.

On October 3, 1932, defendant presented a petition setting forth, inter alia, that the said judgment is void in that no judgment creditor is named and that it does not appear who or what the Rome Sales & Service Station is, or whether it is an individual, copartnership, corporation, officer or thing; and further that the Rome Sales & Service Station, named as the judgment creditor is not registered under the Fictitious Names Act of 1917 as amended, and consequently there are no

official records to show who or what the Rome Sales & Service Station is or to give it any standing as a party to an action or judgment, and praying that the court grant a rule on plaintiff to show cause why the judgment should not be stricken off. The lower court, in an opinion by CULVER, P. J., refused to grant the rule, and from said refusal this appeal was taken by defendant.

Defendant in support of his contention claims, (1) that the judgment is void in that plaintiff is neither a natural nor an artificial person, but a thing, a piece of property, a service station; (2) that there has been no registration under the Fictitious Names Act of 1917, P. L. 645, as amended; and (3) that the amendments of May 10, 1921, and June 29, 1923, to the Fictitious Names Act of 1917 are unconstitutional.

The judgment is regular on its face. The question whether Rome Sales & Service Station is a fictitious name, requiring to be registered under the Fictitious Names Act of 1917, is a matter dehors the record. The question of the constitutionality of the amendments to said act follows on the first question.

It does not appear that the defendant was deceived in any manner. He knew, from the contract he signed, with whom he was doing business. Under it he received possession of the truck for the rental of which the judgment in this case was confessed.

In the language of the lower court, the "Court should not be astute in searching for technicalities to defeat the collection of honest and undisputed indebtedness." If the defendant has any meritorious defense to the judgment, the same can be disposed of on a petition to open the judgment.

We are of the opinion that the lower court properly disposed of the petition to strike off the judgment.

Order affirmed.