## Arrott Steam Power Mills Company v. Philadelphia Wood Heel Company

*T. Ewing Montgomery,* for petitioners.
*Paul Maloney* and *Benjamin O. Frick,* contra.

BOK, P. J., March 24, 1944.—This is a rule to open a judgment in ejectment entered by confession on a warrant of attorney contained in a lease. The matter was argued on petition and answer and depositions.

The first question to be considered relates to the standing of petitioners to attack the judgment in view of the following circumstances:

The lessee in the lease upon which the judgment was confessed herein is described as the "Philadelphia Wood Heel Co., a corporation", and the lease purports to have been executed on behalf of such company by its secretary and treasurer. Therefore, the judgment in this case was confessed against the "Philadelphia Wood Heel Co., a corporation". The present petition to open the judgment is filed by the "Philadelphia Wood Heel Co., a partnership", and plaintiff contends that petitioners are strangers to the record and have no standing in law or in equity to question the validity of the judgment.

This position is unrealistic. It is clear from the testimony that the Philadelphia Wood Heel Company, defendant, is a partnership, and has been registered under the Fictitious Names Act of June 28, 1917, P. L. 645, since 1929. There is no evidence on the record that the Philadelphia Wood Heel Company was ever incorporated. The partnership carried on all the negotiations with plaintiff with respect to the lease and it occupied the demised premises during the entire term. It is therefore obvious that the Philadelphia Wood Heel Company, the partnership, is in fact the defendant in this action and that the designation of the company as a corporation is irrelevant.

If plaintiff did not know that its tenant was a partnership and not a corporation, it had constructive notice of the identity of the persons with whom it was contracting by virtue of the registration of the concern under the Fictitious Names Act. In Ulick v. Vibration Specialty Co., 348 Pa. 241 (1944), the court said (p. 243) :

"The registration being on record was constructive notice to appellant of the nature of the person or business with whom it was negotiating and with whom it contracted: *Houser v. Childs*, 129 Pa. Superior Ct. 565, 568; *Estate of Edwin R. Mack*, 111 Pa. Superior

Ct. 20, 23. Appellant cannot plead ignorance of facts of which it is deemed to have had notice. Nor does it appear that appellant was deceived in any manner or that any fraud was perpetrated upon it. See *Rome S. & S. Station v. Finch*, 111 Pa. Superior Ct. 226, 228."

The real question in the case is whether or not at the time judgment was confessed the term of the lease had expired.

The following facts are all undisputed:

1. On January 7, 1937, plaintiff leased to defendant the first floor of a building for a term of three years from the 15th day of July, 1937. Defendant had been a tenant under prior leases beginning June 27, 1930.

2. The lease provides that unless either party shall have given to the other at least three months' written notice, prior to the expiration of the term, of his intention to terminate the lease it shall continue for a term of another year, and so on from year to year until either party gives such three months' previous notice prior to the end of any year.

3. Prior to March 27, 1942, neither party gave the other notice of an intention to terminate the lease, and therefore the tenancy unquestionably lasted at least until July 15, 1942.

4. On March 27, 1942, plaintiff served on defendant a notice of its intention to terminate the lease on July 15, 1942, and suggested that the parties discuss terms for a renewal of the tenancy.

5. Thereafter, until June 10, 1943, there followed protracted and spasmodic negotiations between the parties for an extension or renewal of the lease, but the negotiations came to nothing. During the negotiations defendant paid and plaintiff accepted rent regularly.

6. While these negotiations were pending, defendant remained in possession of the premises, and during this period it was the custom of plaintiff to send to defend-

ant each month a bill for the current month's rent in advance, in an amount based on the lease; defendant paid these bills and plaintiff accepted the money.

7. On June 1, 1943, plaintiff rendered to defendant a bill for rent for the month of June in advance. Although this bill recited that it was for rent for the month ending June 30, 1943, actually it was for rent up to July 15, 1943, in advance.

8. On June 10, 1943, plaintiff wrote to defendant notifying it that it was required to vacate the premises within 30 days.

9. On June 17, 1943, defendant paid and plaintiff accepted payment of the aforesaid bill of June 1, 1943, whereby the rent was paid in advance to July 15, 1943.

10. On July 9, 1943, defendant received in the mail another bill on plaintiff's letterhead demanding rent "for month ending July 30, in advance". By stipulation of counsel this rent ran until August 15, 1943.

11. On July 17, 1943, defendant mailed to plaintiff's treasurer a check in payment of the said bill, which check plaintiff accepted and deposited; the check cleared on July 19, 1943. This check read, "rent through July 30"—by stipulation, until August 15.

12. On July 22, 1943, plaintiff entered the amicable action of ejectment in this case, declaring that defendant's lease had been terminated by the notices hereinbefore referred to in paragraphs 4 and 8, and on the same day issued a writ of hab. fa.

However, in the depositions, plaintiff, over defendant's objections, sought to avoid the effect of its admission of facts hereinbefore set forth in paragraphs 10 and 11, supra, by the testimony of its treasurer, who in substance said that he had specifically instructed his secretary not to send any bill to defendant for the July rent (rent from July 15th to August 15, 1943) ; that the bill, referred to in paragraph 10, was mailed by his secretary without authority and by mistake;

that when defendant's check arrived in payment of this bill plaintiff's treasurer was away on his vacation and that the secretary, without authority, deposited the check in plaintiff's account; that plaintiff company had no knowledge of this entire occurrence at the time it confessed the said judgment in ejectment against defendant; that when plaintiff subsequently learned of the facts, without in any way communicating with defendant, it decided to retain the money for defendant's use and occupation of the premises.

The following questions arise:

1. Is plaintiff bound by the act of its clerk in billing defendant for the July rent, and in accepting defendant's check in payment thereof?

2. If so, did the acceptance of this rent constitute a waiver of plaintiff's notices to vacate to the extent at least of extending the term of defendant's lease beyond July 22, 1943, so as to render the confession of judgment in ejectment in this case premature?

We think both of these questions must be answered in the affirmative.

In the first place, the pleadings raise no question of the agency or authority of plaintiff's clerk to mail the bill in question, or to accept and deposit defendant's check in payment. In paragraph 21 of plaintiff's answer to defendant's petition filed in these proceedings plaintiff "admitted that a bill was sent defendant and that the said bill has been paid", without any averments whatsoever raising any question of agency.

Beyond this technical question, however, the rendering of the bill to defendant on plaintiff's billhead raises a presumption that the person mailing the bill was authorized to do so on plaintiff's behalf, and we are not obliged to accept as verity the testimony of plaintiff's treasurer that this in fact was not so: Lessy v. Great Atlantic & Pacific Tea Co., 121 Pa. Superior Ct. 440 (1936).

The evidence justifies the conclusion that it was within the scope of the clerk's authority to send out bills for rent on plaintiff's behalf, and to accept and deposit remittances therefor in plaintiff's bank account. Apparently she had done so not only on this particular occasion but at other times as well. Undoubtedly plaintiff must have been aware of these facts, and a finding of agency therefore may properly be implied from the course of dealings. See Brock et al., Execs., v. Real Estate-Land Title & Trust Co., 318 Pa. 49 (1935).

Assuming the testimony of plaintiff's treasurer, these instructions to the clerk are at most a restriction on the apparent authority of the clerk and would not bind innocent third persons who acted in ignorance thereof. See Thompson, Executrix, v. Barrow, 81 Pa. Superior Ct. 216 (1923), and Young & Co., Inc., v. Heinz et al., 94 Pa. Superior Ct. 95 (1928).

Furthermore, plaintiff's retention of the proceeds of defendant's check after it admittedly learned of the facts must be treated as a ratification: Lemmon v. The East Palestine Rubber Co., 260 Pa. 28 (1918); Miller v. Belmont Packing & Rubber Co., 268 Pa. 51 (1920); Bowman v. Cochran Coal Co., 77 Pa. Superior Ct. 118 (1921).

Plaintiff seeks to justify its retention of this check on the ground that it applied it on account of defendant's use and occupation of the premises. But defendant did not send its check to plaintiff for that purpose: the bill reads on its face "to rent . . . for month ending July 30th in advance".

On the ultimate question of waiver, the law is clear that a landlord may waive the effect of an attempt to terminate the relationship of landlord and tenant under a notice to quit: Supplee v. Timothy, 124 Pa. 375 (1889); Brown v. Montgomery, 21 Pa. Superior Ct. 262 (1902); Browisz v. Cienkowski, 68 Pa. Superior Ct. 524 (1917).

The evidence clearly indicates that the parties did so contract. By sending the bill to defendant, plaintiff manifested its willingness to extend the term of the lease, if defendant paid the demanded rent. Defendant accepted the offer by sending to plaintiff its check, which admittedly was received and the proceeds retained by plaintiff.

As is well pointed out in A. L. I. Restatement of Contracts, sec. 20, comment (a) : ". . . Not mutual assent but a manifestation indicating such assent is what the law requires. Nor is it essential that the parties are conscious of the legal relations which their words or acts give rise to."

The point is well illustrated in the Restatement as follows:

"4. A writes an offer to B, which he encloses in an envelope and stamps. Shortly afterwards, he decides not to send the offer and determines to throw the letter into his waste-basket. Absentmindedly, he takes it up with other letters and deposits it in a mail chute. It is delivered to B, who accepts the offer. There is a contract."

It is unnecessary to our decision to determine whether the payment and acceptance of this rent evidenced a total withdrawal of the notice to vacate, resulting in a continuation of the existing tenancy for a further period of one year, or whether such acts constituted a new contract of leasing for the limited term of one month. In either event, it is clear that plaintiff was not entitled to possession prior to the expiration of the current month for which the rent had been billed and paid in advance. We decide only that the instant confession of judgment was premature.

Rule absolute to open the judgment.