## Chester Progressive Club v. Rossin

*Norman Snyder*, for plaintiffs.

*J. Harold Hughes*, for defendants.

TOAL, J., September 28, 1950.—The record in this case discloses that judgment was entered against de-

fendants by confession on a certain promissory note dated May 20, 1949, in the amount of $1,700 as of March term, 1949, no. 1349. The payee of the note is shown as "Chester Progressive Club" and the makers of the note appear as Benjamin Rossin, Eleanor R. Rossin, Mollie Rossin and Ben Rossin. The note is entirely regular on its face and the due date is one year after date or May 20, 1950. On June 16, 1950, a rule to show cause why judgment should not be opened and defendants let into a defense and/or the judgment stricken from the record was allowed by this court returnable July 7, 1950, all proceedings to stay until the determination of the rule. The record shows that judgment was entered by confession against defendants on May 26, 1949, or six days after the note was executed by defendants.

The petition to open judgment sets forth the following as reasons upon which the court is requested to act:

"3. The Chester Progressive Club, plaintiff, is a fictitious name which it has failed to register in the offices of the Secretary of the Commonwealth and the Prothonotary of Delaware County and is prohibited from instituting the above-captioned action by the Act of May 24, 1945, P. L. 967, sec. 4, 54 PS §28.4.

. "Plaintiff is a party unrepresented by trustees ad litem required by the Pennsylvania Rule of Civil Procedure 2152.

"4. Plaintiff is an unincorporated club or association conducting for a profit a business of lending money in the City of Chester without having secured a certificate of authorization from the Secretary of State or the Secretary of Banking."

Defendants do not aver nor do they attempt to prove that they have any real defense to the claim of plaintiff other than the highly technical one stated above. It is not asserted by defendants that they do not owe the

amount shown in the note to plaintiff and defendants are not attacking the validity of the note itself respecting its genuineness.

Defendants are in an especially awkward position to press their contention that the judgment in this case should be opened because of the peculiar circumstances from which the indebtedness arose. Plaintiff offered in evidence by reference the record of the Orphans' Court of Delaware County in the case of Estate of Louis E. Rossin, no. 189 of 1949. The record in that case indicated the following facts: Louis E. Rossin for a number of years prior to his decease was the treasurer of the Chester Progressive Club. He was the husband of Mollie Rossin, one of the defendants, and the father of Benjamin or Ben Rossin, the other defendant. Eleanor R. Rossin is the wife of Benjamin Rossin. Prior to the death of Louis E. Rossin he called certain of the then officers of the Chester Progressive Club to him and told them that during his tenure in office he appropriated approximately $11,000 of the club's money to his own use and stated that he wanted to make reparation therefor. Whereupon Louis E. Rossin consulted his attorney, Joseph E. Pappano, a member of the Delaware County bar, and executed a will and simultaneously therewith a contract to the effect that he would not change the will.

Item II of the will provided as follows:

"I direct my Executor to transfer the Hotel Liquor License which I now hold for the Penn Hotel, situate at Penn and Patterson Streets in the City of Chester, unto my wife, Mollie Rossin, providing that she shall personally assume any balance of any loans which may be due and owing by me to the Chester Progressive Club and execute Judgment Notes therefor. In the event that my said wife shall refuse to accept the transfer of said License under the conditions herein provided, I then direct my Executor to offer to transfer

the said Hotel Liquor License unto my son, Benjamin Rossin, provided that he shall personally assume any balance of any loans which may be due and owing by me to the Chester Progressive Club and execute Judgment Notes therefor. In the event that my said son shall refuse to accept the transfer of said License under the conditions herein provided, I then direct my Executor to sell the said License and business connected therewith for the best price obtainable with the specific direction that from the proceeds of said sale he shall first pay unto the Chester Progressive Club any balance that may be due by me to said Club on account of any loans which it has made to me in my lifetime."

Prior to Rossin's death he had paid certain weekly installments on account of his misappropriations of money to the Chester Progressive Club so that at the time of his death there was due the Chester Progressive Club the sum of $10,800. Upon Mr. Rossin's death Mr. Pappano sent for Benjamin Rossin and Mollie Rossin, his mother, and they instructed him to transfer the hotel license and the hotel to them and that Mrs. Rossin would assume the obligation set forth in Mr. Rossin's will and execute the necessary judgment therefor. Mr. Pappano proceeded to make the transfer and after it had been accomplished Mollie Rossin and Benjamin Rossin refused to execute the judgment note. Whereupon Joseph E. Pappano, as executor of the estate of Louis E. Rossin, brought an action in equity in the court of common pleas of this county, as of December term, 1948, no. 901, praying for an injunction and an order to compel Mollie Rossin and Benjamin Rossin to retransfer the hotel license and hotel to him as executor. This matter was then certified to the Orphans' Court of Delaware County and plaintiff herein was granted leave to intervene as a party plaintiff. After a hearing before the Hon. E. LeRoy van Roden, president judge of the orphans' court, during

which defendants raised the questions as to the right of plaintiff to bring an action because the plaintiff was not registered under the Fictitious Names Act and further because defendants alleged that plaintiff was conducting a banking business without a license, Judge van Roden, on May 5, 1949, entered a decree which is as follows:

"And now, to wit, May 5, 1949, upon motion of R. Paul Lessy, attorney for Joseph E. Pappano, executor of the estate of the above named decedent, it is hereby ordered, adjudged and decreed as follows:

"1. The settlement between the Chester Progressive Club, as claimant, and Mollie Rossin and Benjamin Rossin, as defendants, wherein Mollie Rossin is to pay unto Chester Progressive Club the sum of $5,000 in cash, forthwith, together with the delivery to the Chester Progressive Club of a judgment note in the sum of $1,700 executed by Mollie Rossin, Benjamin Rossin and Eleanor R. Rossin, in full satisfaction of item II of this last will and testament of the decedent, is hereby approved.

"2. Chester Progressive Club shall forthwith satisfy this record of the judgment in the office of the Prothonotary of Delaware County, as of June term, 1948, no 52.

"3. The decree of injunction entered by this court on May 5, 1949, be and the same is hereby vacated and the injunction proceedings are hereby discontinued.

"4. Chester Progressive Club shall forthwith execute its full release unto Mollie Rossin, Benjamin Rossin and Joseph E. Pappano, executor of the estate of Louis E. Rossin, deceased, the only future right of the Chester Progressive Club in and to any claim whatsoever against any of the parties hereto shall be under the judgment note referred to in paragraph one of this decree.

"5. That proceedings instituted as of December term, 1948, no. 901, in the Court of Common Pleas of Delaware County, Pa., shall be forthwith marked 'settled, discontinued and ended'."

In pursuance to that decree the decree of injunction entered by that court was vacated, the injunction proceedings discontinued and the Chester Progressive Club directed to satisfy the record of their judgment having the balance of $10,800 in the office of the Prothonotary of Delaware County as of June term, 1948, no. 52.

From the above recital of facts adduced in the orphans' court defendants cannot assert a valid defense to the claim of plaintiff on its merits. They are endeavoring to escape the payment of a just debt by raising a mere technicality. A petition to open a judgment is addressed to the equitable side of the court and before a party can expect equitable relief he must first persuade a court that he has a meritorious defense to a claim, which, if believed by a jury, would justly relieve him from paying the claim. In the case at bar there is not even a pretense by defendants that they have a meritorious defense to plaintiff's claim. For this reason alone this court will refuse to open the judgment.

However, as defendants have raised the technical point that plaintiff had no legal right to seek the aid of a court of law to collect its claim because it was doing business under a fictitious name, and had failed to register same as required by law, we are impelled to consider this question.

The evidence on this point indicates that the Chester Progressive Club is an unincorporated association of about 50 members in the City of Chester, formed for the prime purpose of affording its members the opportunity to borrow money from the association. The various members would, during each cycle of 25 weeks, contribute varying amounts of money to the club, and

the club in turn, through its officers, would lend this money at four percent interest back to the members or to friends of the members, provided a member endorsed the note for the nonmember. The membership changed when any of the participating members did not participate in a series and some new members came in. Periodically, after each series, the profits of the association were distributed pro rata to the members participating in the series. The public generally was not invited or solicited to become borrowers.

We are of the opinion that such an association as that described above was not contemplated to be covered by the Act of May 24, 1945, P. L. 967, sec. 4, 54 PS §28.4. We seriously doubt that the evidence in this case would support the contention of defendants, namely, that plaintiff association was carrying on business as ordinarily understood in the business world. The fact that only members, or friends of members with their endorsement required, could become borrowers indicates that no attempt was made to deal generally with the public. There appears to be no appellate court decisions directly on this point, but it is carefully and fully passed upon in a lower court case, the reasoning and logic contained therein, which we adopt. The case of Talbot et al. v. Ephrata Nest No. 1805, Order of Owls, 40 Lanc. 105, passes on these points and involved an action by an unincorporated parent association against an incorporated subsidiary for certain moneys. One of the defenses was that the unincorporated plaintiff was not registered under the Fictitious Names Act. The court held that the Fictitious Names Act did not apply to that plaintiff because: (1) It did not appear that the unincorporated association was carrying on business in this State, and (2) even if it did, the Fictitious Names Act was not meant to cover unincorporated associations. The court stated on page 107:

"But, outside of these objections, we do not see how it can be construed that the Act is meant to cover unincorporated associations. The Act speaks of an individual or individuals, and also of the names and addresses of 'all persons owning or interested in said business'. Unincorporated associations have long been recognized by the law, but we do not know that they have ever been treated as natural persons and fall within that general nomenclature."

We feel that the guiding principle which should control the decision in the case at bar was accurately and succinctly stated by the Superior Court in the case of Rome S & S Station v. Finch, 111 Pa. Superior Ct. 226, 169 Atl. 476, on page 228, as follows:

"The 'Court should not be astute in searching for technicalities to defeat the collection of honest and undisputed indebtedness'."