J-S21017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LAWRENCE PARK PARTNERSHIP | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY P. BOMZE, M.D. | |
| Appellant | No. 1876 EDA 2015 |

Appeal from the Order Entered June 10, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2014-09974

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 24, 2016**

Jeffrey P. Bomze, M.D., appeals from the order entered in the Court of Common Pleas of Delaware County, which denied his motion for reconsideration of the court's February 9, 2015 order.  The underlying February 9, 2015 order denied Dr. Bomze's petition to strike or open the confessed judgment entered against him based upon default of a commercial lease agreement.  After careful review, we reverse the ruling of the trial court and order the judgment stricken.

The trial court summarized the procedural history and facts of this matter as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

On November 6, 2014, Appellee/Plaintiff Lawrence Park Partnership (Lawrence Park) filed a Complaint in Confession of Judgment for Money. Lawrence Park is a business located in Springfield Township, Delaware County, Pennsylvania. Lawrence Park is the landlord of an industrial and/or business park known as Lawrence Park Business Center. On June 8, 2011, [Dr.] Bomze entered into a Lease Agreement with Lawrence Park to occupy and operate in a certain space in the Lawrence Park Business Center, consisting of an area of approximately 2,733 square feet of rentable space . . . at 590 Reed Road, Broomall, Pennsylvania (Leased Premises). [Dr.] Bomze used the Leased Premises as a pediatrician's office. Pursuant to the Lease Agreement, the parties agreed to a seven[-]year lease term to begin on August 15, 2011.

According to Section 2A of the Lease Agreement, [Dr.] Bomze agreed to pay a certain Annual Minimum Rent (Minimum Rent) per year on a per month basis. The Minimum Rent for the first year was $3,302.26 and increased each following year. As specified in Section 4 of the Lease Agreement, [Dr.] Bomze agreed to pay the water and sewer charges, taxes and other charges as Additional Rent. Under Section 4 of the Lease Agreement, [Dr.] Bomze agreed to pay as Additional Rent certain fixed Common Area Maintenance (CAM) charges per year on a per month basis begin[ning] in August 2011, the first year of the lease term. Pursuant to Exhibit C-1 and 2 of the Lease Agreement, the parties agreed that Lawrence Park would make certain improvements to the Leased Premises. The improvements cost $65,704.78 and were specific to the operation of a pediatrician's office.

In its Complaint in Confession of Judgment, Lawrence Park alleged that [Dr.] Bomze is the responsible party to the Lease Agreement based upon his signature on page 18 of the Lease Agreement. Lawrence Park further alleged that as evidenced by his signature, [Dr.] Bomze did not sign the Lease Agreement in any officer[-]held capacity of the tenant. Lawrence Park argued that [Dr.] Bomze signed the Lease Agreement as the individual respons[ible] on the Lease Agreement, which failed to indicate any representative corporate capacity.

Under the Lease Agreement, [Dr.] Bomze defaulted on his obligations by failing to make certain Minimum Rent payments when due. On June 3, 2014, Lawrence Park, pursuant to the Lease Agreement, issued to [Dr.] Bomze a Notice to Cure the

- 2 -

Default (Notice). Despite the Notice being sent to him, [Dr.] Bomze failed to cure [the] default. In its Complaint in Confession of Judgment, Lawrence Park alleged that [Dr.] Bomze, as a result of his default, owes Lawrence Park a total amount of $281,178.86 plus costs and attorneys' fees. The total amount of damages is comprised of the following items: (1) Additional Rent for Tenant Improvements: $65,704.68; (2) Total Amount of Accelerated Minimum Rent (starting in August 2014 through August 2018: $190,171.38; and (3) Total Amount of Accelerated Additional Rent for CAM Charges (starting in August 2014 through August 2018): $25,302.80.

On November 25, 2014, [Dr.] Bomze filed a Petition to Strike, or, in the Alternative, to Open Judgment Entered by Confession and Emergency Petition to Stay Execution. On February 9, 2015, the Trial Court held [o]ral [a]rgument on [Dr.] Bomze's Petition, which it denied on the same date. On February 19, 2015, [Dr.] Bomze filed a Motion for Reconsideration of the Trial Court's February 9, 2015 Order. On February 25, 2015, the Trial Court granted reconsideration and scheduled [a hearing]. In the interim, [Dr.] Bomze filed a Motion for Sanctions and a Motion for Judgment on the Pleadings.

On June 1, 2015, the Trial Court held [o]ral [a]rgument on [Dr.] Bomze's Motion for Reconsideration. On June 10, 2015, the Trial Court denied the aforementioned motion and issued Findings of Fact and Conclusions of Law in support of its decision. On June 11, 2015, the Trial Court denied [Dr.] Bomze's Motion for Sanctions and Motion for Judgment on the Pleadings. On June 22, 2014, [Dr.] Bomze filed his Notice of Appeal and an Emergency Motion to Reconsider and Stay Proceedings Pursuant to Local Delaware County R.C.P. 206(c) before a Three Judge Panel of the Court of Common Pleas of Delaware County. On July 15, 2015, the Trial Court denied only the Emergency Motion for Reconsideration filed on June 22, 2015. On July 20, 2015, the Honorable James F. Proud denied the request for a Three Judge Panel. [Dr.] Bomze's timely appeal followed.

Trial Court Opinion, 8/13/15, at 2-4.

On appeal, Dr. Bomze raises the following issues for our review:

1. Did the lower court err in denying Jeffrey P. Bomze, M.D.'s ("Dr. Bomze's") petition to strike the judgment confessed against him in his individual capacity when:

- 3 -

a. Dr. Bomze was not a party to the lease agreement dated June 8, 2011 (the "Lease") between the [L]essee, 1201 Pediatric Group, P.C. (the "Lessee"), and Lessor, Lawrence Park Business Center, which contained the warrant of attorney to confess judgment against the Lessee only;

b. Dr. Bomze was not a guarantor of the Lessee's obligations under the Lease;

c. the Lessee and the Lessor were the only parties to the Lease;

d. the warrant of attorney only applied to the Lessee, 1201 Pediatric Group, P.C.; and

e. the corporate veil of the Lessee has not been pierced in any judicial proceeding to permit a creditor to hold its principal individually liable for corporate debts?

2. Did the lower court err in denying Dr. Bomze's petition to strike the judgment confessed against him by the Plaintiff, Lawrence Park Partnership, when:

a. the lessor and holder of the warrant of attorney was Lawrence Park Business Center (the "Lessor"), but the Plaintiff was Lawrence Park Partnership; and

b. the Complaint for Confession of Judgment did not aver that the Plaintiff, Lawrence Park Partnership, was an assignee or transferee of the holder of the warrant, the Lessor Lawrence Park Business Center?

3. In the alternative, did the lower court err in denying Dr. Bomze's petition to open the judgment confessed against him personally on the grounds that his Petition raised meritorious defenses to his personal liability?

4. Did the lower court err in denying Dr. Bomze's right, under Pa.R.C.P. 2959(c), to defend against the confessed judgment by presenting evidence that, he contends, supports his right to open the confessed judgment?

Brief of Appellant, at 2-4.[1]

> When considering a motion to strike a confessed judgment, the motion
>
> will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the judgment will not be stricken. . . . It is well-settled that a written lease or contract which authorizes a party to confess judgment must be clear and explicit and strictly construed. If any doubt exists as to the propriety or effect of a warrant of attorney authorizing confession of judgment, the doubt must be resolved against the party in whose favor the warrant is given.

*Solebury Nat. Bank of New Hope v. Cairns*, 380 A.2d 1273, 1275 (Pa.

Super. 1977). "It is fundamental that an authority to confess judgment

cannot operate in favor of a stranger to the contract." *Ulick v. Vibration*

*Specialty Co.*, 35 A.2d 332, 334 (Pa. 1944). In this regard,

> [w]here the record establishes that the one in whose favor judgment has been confessed is the real party for whom the power to confess judgment was intended the judgment is properly of record. Where, however, this is not disclosed by the record, by affidavit, averment or otherwise, the result is otherwise.

*Id.* Indeed, "the facts which entitle a party to confess judgment as the real

party in interest must be filed of record or else the judgment will be

stricken." *Fourtees Co. v. Sterling Equip. Corp.*, 363 A.2d 1229, 1233

(Pa. Super. 1976).

Here, the warrant to confess judgment contained in the Lease

Agreement provides that the Lessor, Lawrence Park Business Center, may

---

[1] We note that Appellee did not file an appellate brief.

confess judgment against the Lessee, 1201 Pediatric Group, P.C. **See** Lease Agreement, at 1, 15-16. Although the Lease Agreement provides Lawrence Park Business Center with the authority to confess judgment, the instant judgment instead was obtained by Lawrence Park Partnership. On this basis, Dr. Bomze argues that the confession of judgment provision was exercised in favor of a stranger to the contract.

In its complaint to confess judgment, Lawrence Park Partnership indicated it "is the landlord of an industrial and/or business park known as the Lawrence Park Business Center." Complaint in Confession of Judgment for Money, at ¶ 3. While this information indicates a connection between Lawrence Park Business Center and Lawrence Park Partnership, it fails to indicate whether they are separate legal entities, fictitious names, or have some other relationship with each other that would make Lawrence Park Partnership the real party in interest entitled to confess judgment. Thus, it is not clear on the face of the record that Lawrence Park Partnership had the power to confess judgment instantly; therefore, the judgment should be stricken. **Ulick**, **supra**; **Fourtees**, **supra**.

Even if we assume that the above explanation was sufficient to demonstrate Lawrence Park Partnership's authority to confess judgment, an additional error is apparent on the face of the record. Pursuant to the warrant, judgment may only be confessed against the Lessee. The Lease Agreement clearly refers to the Lessee as 1201 Pediatrics Group, P.C., only. Nowhere in the Lease Agreement is Dr. Bomze included or referred to as

Lessee. Thus, in strictly construing the warrant, confession of judgment against Dr. Bomze as an individual is not authorized by the provision and the judgment must be stricken. *Solebury Nat. Bank*, *supra*.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2016