# MacDonald *v.* O'Neil, Appellant.

*Oil and gas lease—Assignment of lease—Liability of assignee for royalties.*

The assignee for the lease of land for oil or gas production is liable to the lessor for the payment of all rent or royalties which accrue while he holds an assignment of the lease.

A lessee in an oil lease will not be permitted during his possession and beneficial enjoyment of the leased premises, to allege in defense to an action for the stipulated rent that the lessor under whom he entered had not title at the time of his entry.

Where oil land is sold for taxes, and before the expiration of the period for redemption, the owner executes an oil lease, and thereafter another person purchases and takes title to the land by deeds from the purchasers at the tax sale, which deeds are made subject to the oil lease, and such person then takes an assignment of the oil lease, he cannot set up the title to the land which he has obtained by the deeds, against the lessor in an action for royalties under the lease.

*Letters of attorney—Special power—Principal and agent.*

Letters of attorney are strictly interpreted and the authority is never extended beyond that which is given in terms, or that which is necessary and proper for carrying the authority so given into full effect.

A letter of attorney to execute an oil lease will not be extended so as to include authority to the attorney to bind his principal by a recognition of an outstanding title asserted by a third person.

A special power must be strictly pursued, and whoever deals with an agent constituted for a special purpose deals at his peril when the agent passes the precise limits of his power.

Argued May 21, 1902. Appeal, No. 15, April T., 1902, by defendant, from judgment of C. P. Warren Co., June T., 1900, No. 48, on verdict for plaintiff in case of Earle V. MacDonald, Administrator of Sarah Kramer, Deceased, v. William O'Neil. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for royalties under an oil lease.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $134.68. Defendant appealed.

*Errors assigned* were the refusal to admit in evidence the various papers referred to in the opinion of the Superior Court.

*E. H. Beshlin*, for appellant, cited: Heckert v. McKee,·5 Watts, 385; Newell v. Gibbs, 1 W. &. S. 496; Hill v. Miller, 5 S. & R. 355.

*James O. Parmlee*, with him *Edward Lindsey*, for appellee, cited: Hamilton v. Pittock, 158 Pa. 457; Trabue v. Ramage, 80 Ky. 323; Mefford v. Franklin County, 22 Ky. Law Repr. 833 (5 S. W. Repr. 993); Norton v. Sanders, 1 Dana, 14; Campbell v. Foster Home Association, 163 Pa. 609.

OPINION BY RICE, P. J., October 13, 1902:

This was an action of assumpsit to recover rent or royalty accruing under a certain oil lease, executed on November 11, 1885, between Sarah Kramer, the decedent, by her attorney in fact T. W. Kramer, and others, lessors, and Edward O'Donnel and Howard Thompson, lessees. The plaintiff showed the following assignments of this lease, all of which were recorded: January 26, 1886, O'Donnel and Thompson to John Lammers; December 14, 1887, John Lammers to David Ridelsperger; May 27, 1891, David Ridelsperger to Crew Levick Company; August 27, 1894, Crew Levick Company to William O'Neil, this defendant. The plaintiff's claim was for the decedent's share of the royalty from the date of the assignment to the defendant to the date of her death. Proof of the foregoing facts and of the quantity and value of the oil produced made out a prima facie case for the plaintiff. " The assignee having entered under an assignment, and thus come into privity, that privity continues as long as his beneficial enjoyment of the demised property or right to it remains. This is manifest when it is considered what the privity of estate, out of which arises his personal liability, is. It is the actual or beneficial enjoyment of the premises, or the right of possession and enjoyment: " Negley v. Morgan, 46 Pa. 281. The assignee of a lease of land for oil or gas production is liable to the lessor for the payment of all rents or royalties which accrue while he holds an assignment of the lease: Fennell v. Guffey, 139 Pa. 341; 155 Pa. 38.

In bar of the plaintiff's claim the defendant alleged, that the land was assessed in the unseated list, and was sold by the county treasurer for the unpaid taxes to Watson and Freeman on June 23, 1884, which was more than one year prior to the

execution of the lease ; that there was a failure to redeem within two years ; that Watson and Freeman sold their tax title to S. P. Hall on June 29, 1886 ; that Hall transferred it to Wesley George and William O'Neil, the defendant, on February 3, 1888 ; and that George transferred his interest to the defendant on April 17, 1894.

In determining the question of the sufficiency of this defense, the following facts should be brought prominently into view : First, that the period for redemption had not expired at the date of the execution of the lease ; second, that the deed from Hall and the deed from George, which the defendant now sets up as evidence of his absolute ownership of the fee, were both expressly made subject to the oil lease in question ; third, that after the delivery of the deeds last mentioned he took an assignment of the leasehold estate.   Furthermore, the only evidence bearing upon the question of possession is, that from August 27, 1894, the date of this assignment, to the date of the decedent's death, the oil produced under the lease was accounted for, and the value thereof paid, to the defendant by the pipe line company.   There is no evidence of an entry by him, either actual or constructive, before that time—nothing to rebut the presumption arising from his acceptance of the assignment of the lease.   On the contrary, the deeds under which he now claims aid the presumption that he entered, not in hostility to the lessor, but in affirmance of, and subjection to, her rights under the lease, and amongst them the right to demand and receive the rent, so long, at least, as he retained the possession acquired in that way.   Even if these deeds had been admitted in evidence the case would still have been within the general rule that a person shall not be permitted, during his possession and beneficial enjoyment of the leased premises, to allege in defense to an action for the stipulated rent, that the landlord under whom he entered had not title at the time of his entry : Hamilton v. Pittock, 158 Pa. 457.

Letters of attorney are strictly interpreted, and the authority is never extended beyond that which is given in terms, or that which is necessary and proper for carrying the authority so given into full effect : Campbell v. Foster Home Association, 163 Pa. 609.   It is argued with much earnestness and plausibility that the power of attorney given by Sarah Kramer to T. W.

364, (1902).]                    Opinion of the Court.

Kramer, " to sell or lease for oil or gas purposes," was exhausted when the latter executed the lease in question, and therefore he had not power to sell to another subsequently. It seems unnecessary, however, to go so far as that in this case; for, even if he had the power, the paper referred to in the fifth assignment of error does not purport to be an execution of it. Construing the letter of attorney according to the principles enunciated in the case last cited we are unable to conclude that it gave T. W. Kramer authority to bind Sarah Kramer by a recognition of an outstanding title asserted by a third person. A special power must be strictly pursued, and whoever deals with an agent constituted for a special purpose deals at his peril when the agent passes the precise limits of his power. There being no evidence that Mrs. Kramer knew of, acquiesced in, or received the benefit of, this transaction with Hall, there is nothing upon which to base an estoppel.

All the assignments of error are overruled and the judgment is affirmed.