# Morrison, Appellant, *v.* American Surety Company of New York.

*Bonds—Joint and several obligation—Severance—Presumption—Principal and surety—Contract.*

1. The presumption of the law is that when two or more persons enter into a contract or an obligation without adding language disclosing a different intention, the undertaking is a joint and not a several one. The presumption, however, may be rebutted, and is rebutted when the obligation contains words of severance, showing that it was the intention of the parties that it should be several as well as joint.

2. An obligation in writing reciting that one person as principal, and another as surety are held and firmly bound to a third person in a sum stated "for the payment whereof said principal binds himself, his heirs, executors, administrators and assigns, and the said surety binds himself and his successors firmly by these presents," is a joint and several obligation.

Argued Jan. 20, 1909. Appeal, No. 285, Jan. T., 1908, by plaintiffs, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1907, No. 218, for defendant on demurrer to statement in case of William H. Morrison to the use of the Equitable Trust Company v. American Surety Company of New York. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Demurrer to statement in assumpsit. Before STAAKE, J.

The material portion of the bond upon which suit was brought was as follows:

"Know all men by these presents, that we,         of the City of Philadelphia, (hereinafter called the principal), as principal, and the American Surety Company of New York (hereinafter called the surety), as surety, are held and firmly bound unto William H. Morrison, of the City of Philadelphia, Pennsylvania (hereinafter called the obligee), in the sum of         dollars, for the payment whereof the said principal binds himself, his heirs, executors, administrators and assigns, and said surety binds itself and its successors firmly by these presents."

The question raised by the demurrer was whether the bond was a joint and several one, or a purely joint one.

*Error assigned* was the judgment of the court.

*F. B. Bracken,* for appellant.—The bonds in suit are joint and several undertakings: Geddis v. Hawk, 10 S. & R. 33; Besore v. Potter, 12 S. & R. 154; Moser v. Libenguth, 2 Rawle, 428; Leith v. Bush, 61 Pa. 395; Knisely v. Shenberger, 7 Watts, 193; Douglass v. Second Nat. Bank, 4 W. N. C. 163; Kendig v. Garrett, 1 Chester County, 167; Miller v. Reed, 27 Pa. 244; American Surety Co. of New York v. Pauly, 170 U. S. 133 (18 Sup. Ct. Repr. 552).

*H. Gordon McCouch,* with him *George S. Munson,* for appellee.—The obligation was joint: Philadelphia v. Reeves, 48 Pa. 472; Moser v. Libenguth, 2 Rawle, 428; Pittsley v. King, 206 Pa. 193; Bowman v. Kistler, 33 Pa. 106.

OPINION BY MR. JUSTICE MESTREZAT, March 8, 1909:

In Sheppard's Touchstone it is said (p. 375): "If two, three, or more bind themselves in an obligation thus, obligamus nos, and say no more, the obligation is and shall be taken to be joint only, and not several." In other words, the presumption of the law is that when two or more enter into a contract or an obligation without adding language disclosing a different intention the undertaking is a joint and not a several one. This rule has been uniformly recognized and adhered to in all our cases. In one jurisdiction, however, in this country, it is held that there is no presumption arising out of an obligation by two or more persons that the undertaking is joint and not joint and several. In delivering the opinion of the supreme court of Minnesota in Schultz v. Howard, 56 Am. St. Repr. 470, Mr. Justice MITCHELL says (p. 474): "There should be no presumption in favor of an obligation being joint instead of joint and several. Rules of law as to joint obligations, are at best, extremely technical and inconvenient, and many states have, like Illinois, enacted statutes declaring them to be joint and several."

While the rule is enforced in this jurisdiction and a presumption arises that the obligation is a joint undertaking, yet, the presumption may be rebutted and is rebutted when the obligation contains words of severance showing that it was the intention of the parties that it should be several as well as joint. In all contracts the parties may make their own bargain, and if they do so in language showing an intention to impose a several as well as a joint liability upon the obligors, the courts will enforce it against each party as well as against all the parties jointly. Whether, therefore, there is a several as well as a joint liability in any case, depends upon the contract or obligation which the parties have executed.

The question has frequently arisen in this jurisdiction. We have held that an agreement for the payment of money or performance of some other act expressed in the singular number but signed by two or more persons is a joint and several contract. Several expressions have been held to be words of severance and to change a joint obligation into one that is joint and several, such as "we bind ourselves and each of our heirs;" "ourselves, our heirs;" "and every of them;" "respectively;" "to be levied of our several goods." In each instance, these words were held to rebut the presumption arising from the joint undertaking and to show that the parties intended that the obligation should be several as well as joint.

Turning now to the obligation out of which this controversy arises we find the important and controlling part to be the following: "We as principal, and the American Surety Company of New York, (hereinafter called the surety) as surety, are held and firmly bound unto William H. Morrison of the city of Philadelphia, Pennsylvania (hereinafter called the obligee), in the sum of           dollars, for the payment whereof said principal binds himself, his heirs, executors, administrators and assigns, and said surety binds itself and its successors, firmly by these presents." The first part of this undertaking is unquestionably a joint obligation. The parties say: "We are held and firmly bound." From this language the presumption arises that the parties intended to make themselves jointly liable on the obligation. It is, however,

simply a presumption. Neither the word "joint" or "jointly," nor other language of like signification is used to show that the parties intended a joint responsibility. Standing alone, however, the words used are sufficient to create a joint obligation unless they are modified or controlled by other language in the instrument.

Following the words just quoted, imposing a joint liability, we find this language: "the payment whereof said principal binds himself, his heirs, executors, administrators and assigns, and said surety binds itself and its successors, firmly by these presents." We think these words create a severance and are amply sufficient to overcome the primary presumption that the obligation was a joint undertaking. The obligation would then be substantially in the following form: "We bind ourselves, our heirs, executors and administrators; and each of us bindeth himself, his heirs, executors and administrators," which the Touchstone says is the proper form of a joint and several obligation. In considering the language of the bond in the present case and its effect, it must not be overlooked that the first part of the obligation did not declare expressly that it was a joint undertaking. That it is such is simply an implication or inference from the language used. The obligors primarily do not declare in the bond that they are "jointly" liable, nor do they use any similar language which shows that their undertaking is a joint one. When, however, in the subsequent part of the bond they state the character of their liability, they employ language which expressly declares that each is liable on the obligation. "The principal binds himself" and the "said surety binds itself" is the language of the instrument. It will be observed that these words disclose more clearly an intention on the part of the obligors to assume a several liability than the words used in many of our cases, quoted above, and which we have declared do create a severance. In those cases the singular number, and the words "each," "every," "respectively" and "several" were the effective words in the instrument to create the severance. Here, in language much more direct and forceful than those words, it is declared that the "principal binds himself," and the "said surety binds itself." This is a

declaration of a distinct and separate obligation by each obligor for the payment of the sum named in the instrument. The principal assumes the obligation, imposed by the contract, and the surety likewise. Each in a separate capacity as the language clearly shows. In effect the bond declares we are held and firmly bound in the sum of            dollars, for the payment of which each obligor is responsible. By the covenant of the parties each assumed a separate obligation to pay the sum named in the bond and thus, under our decisions, a joint and several obligation is imposed on which an action will lie against both or either of the obligors.

We have examined all the cases cited by counsel and we find none in conflict with our conclusion. The language of the obligation under consideration speaks for itself, and points unmistakably to an intention on the part of the obligors to assume a several as well as a joint liability.

The assignment of error is sustained, and the judgment of the court below is reversed with a procedendo.