## Young's Estate.

*Partition—Parties who may petition—Attorney-in-fact—Act of June 7, 1917, P. L. 337.*

1. Under the Partition Act of June 7, 1917, P. L. 337, an attorney-in-fact may not join as a party in a petition for partition.

2. Where the power given to an attorney-in-fact is to represent his principal in the settlement and distribution of an estate in the Orphans' Court, such power cannot be extended to give the attorney a right to file for his principal a petition for partition of the real estate of the decedent.

3. Partition is merely a proceeding for the severance of possession of real estate and has nothing to do with the settlement and distribution of the estate by an executor or administrator.

4. Powers of attorney are to be strictly construed.

Demurrer to answer to citation in partition. O. C. Dauphin Co.

*F. N. Henley* of Matoon, Illinois, and *Metzger & Wickersham*, for demurrer.

*George R. Barnett*, contra.

Fox, J., Feb. 8, 1926.—In this case the petitioner presented to this court his petition in partition, praying for a citation directing all other parties in interest to show cause why an inquest should not be awarded. The petition is signed "Charles R. Van Hoesen, by his attorney-in-fact, F. N. Henley." Whereupon the court awarded a citation as requested, directed to all of the parties in interest. To which citation an answer was filed by Pauline M. Young, one of the parties in interest and the widow of Arthur C. Young, deceased, who, as the petition shows, was seized of the premises at the time of his death, and who died intestate, leaving to survive him a widow and collateral heirs.

In her answer the respondent sets forth twenty-two reasons why the inquest prayed for should be refused, and prays that the petition be dismissed by the court.

To this answer the petitioner has filed a demurrer. We shall pass over the insufficiency of the demurrer as filed, treat it as though it were sufficient and consider the answer.

The first, second, sixth and seventh reasons given in the answer are in substance that the petition is not signed by the person whose petition it purports

to be; that there is no authority given by the Partition Act of June 7, 1917, P. L. 337, for an attorney-in-fact to proceed for a citation in partition and that the power of attorney is insufficient to authorize the attorney named therein to institute proceedings in partition.

The aforesaid reasons go to the power and right of the attorney-in-fact to proceed in this case, and we shall, therefore, consider that question before giving any consideration to the other reasons contained in the answer.

An examination of the letter of attorney discloses that the principal, Charles R. Van Hoesen, made, constituted and appointed F. N. Henley his true and lawful attorney for and in his name, place and stead to represent all of his interest in the settlement and distribution of the estate of his deceased uncle, Arthur C. Young, whose estate was at the time being administered in the County of Dauphin and State of Pennsylvania, with full power to represent him in all such proceedings and in such manner as his said attorney may consider for the best interest of the principal, and gave power to receive and receipt for and make distribution of his portion of said estate.

In the case of Stokes v. Dewees, 24 Pa. Superior Ct. 471, the court said: "All powers of attorney receive a strict interpretation, and the authority is never extended by intendment or construction beyond that which is given in terms or is absolutely necessary for carrying the authority into effect."

In the case of Califf v. First National Bank, 37 Pa. Superior Ct. 412, the court, at page 149, said: "Letters of attorney are strictly interpreted and the authority is never extended beyond that which is given in terms or that which is necessary and proper for carrying the authority so given into full effect: Campbell v. Foster Home Ass'n, 163 Pa. 609; Wilson v. Wilson-Rogers, 181 Pa. 80; Union Trust Co. v. Means, 201 Pa. 374; MacDonald v. O'Neil, 21 Pa. Superior Ct. 364. 'If authority be vested in the agent in very general terms, but the instrument enumerates certain special objects and acts, this specification will be regarded as a limitation upon the general words, and the authority will be confined to action within the scope of the enumerated objects, unless there be some phraseology in the instrument or some peculiar circumstances which impress a different purpose upon the instrument.'"

This power of attorney must, therefore, be strictly construed. The power given to the attorney-in-fact is to represent the principal in the settlement and distribution of the estate of his deceased uncle, at the time being administered in this court, and to receive and receipt for and make distribution of his portion of said estate.

The petition discloses that Arthur C. Young died intestate and at the time of his death was seized of premises Nos. 34-104-106 North Second Street; that letters of administration on the estate were taken out by the widow of decedent and that she procured an order of court for the sale of premises Nos. 104-106 North Second Street for the payment of the debts of the decedent, which premises were sold, leaving No. 34 North Second Street unsold and held by his widow and collateral heirs as co-tenants.

The primary object of partition is to divide the land among the tenants according to their respective shares: McCandless's Appeal, 98 Pa. 489. In Baum's Appeal, 4 Pennyp. 25, 29, the court said: "It is a well-settled principle that the primary purpose of partition is the severance of possession as between parties having a community of interest in the land sought to be parted."

In 30 Cyc., in the treatment of this subject at page 198, it is said: "As to real property, neither at the common law nor under any statute does an executor or administrator take any title, although in many of the states they

are entitled to the possession during the pendency of administration. Neither can compel partition in the absence of a statute authorizing it."

The real estate of which this testator died seized passed under our intestate laws upon his death to his widow and collateral heirs who are co-tenants. Any one of whom has the right, under the act of assembly, to institute partition proceedings. But that has nothing to do with the settlement and distribution of the estate; that is merely a proceeding for the severance of possession as between the parties having a community of interest. Wherefore, we are of the opinion that the letter of attorney gives no authority to F. N. Henley to institute proceedings in partition in these premises.

The 2nd section of the Act of June 7, 1917, P. L. 337, provides, amongst other things, that if the party (meaning the petitioner) be a weak-minded person for whom a guardian has been appointed, or a minor, lunatic or habitual drunkard, the petition shall be filed by the guardian or committee of such person. It nowhere provides that the party petitioning may do so by an attorney-in-fact. The act specifies certain ones who may act for and represent another in such proceeding. If the guardian or committee does proceed, he shall file the petition; it cannot be done through another. It gives no power to attorneys-in-fact of the guardian or committee or any one else to institute proceedings. The plain meaning of the act is that the petition shall be filed by the person himself, or his guardian or committee, as the case may be, and not through an attorney-in-fact. If it had been intended that it might be done by an attorney-in-fact for any of the parties in interest, it would have been easy to have said so. We think the rule *"expressio unius exclusio est alterius"* is applicable here.

Wherefore, without considering the other reasons filed, we are of the opinion that the demurrer should be overruled, the answer sustained and the petition dismissed.

And now, Feb. 8, 1926, upon due consideration, it is hereby ordered, adjudged and decreed that the demurrer is overruled, the answer sustained and the petition dismissed, at the cost of the petitioner.