## Dime Bank and Trust Company *v.* Manganiello.

Argued March 2, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY, and RENO, JJ.

*John T. Mulhall,* with him *M. J. Mulhall,* for appellant.

*Frank L. Pinola,* with him *Ettore S. Agolino* and *Nathan Hyman,* for appellee.

OPINION BY STADTFELD, J., April 21, 1943:

On November 4, 1932, judgment was entered in favor of the "Dime Bank and Trust Company, Pittston, Pa., bearer," against Emilio Manganiello by virtue of a warrant contained in an endorsement of a note dated July 13, 1932, of which Carmine Falcone was the maker. The note was payable to Emilio Manganiello or bearer at the Miners Savings Bank of Pittston.

On a Sci. Fa. to renew the judgment, Manganiello in his affidavit of defense claimed that the note had been endorsed by him for the convenience of the Dime Bank itself. The case having been listed, counsel for appellee obtained a rule to strike off the judgment because it had been entered in favor of the Dime Bank, whereas the warrant of attorney was in favor of the Miners Savings Bank. Counsel for appellant then obtained a rule to amend in favor of the Miners Savings Bank. The appellee made answer that the Miners Savings Bank was not the owner of the note on November 4, 1932, and without taking any testimony counsel for appellant ordered his rule on the argument list and both rules were heard together. The court below

(FINE, J.) made absolute the rule to strike off the judgment and discharged the rule to amend. This appeal by the Miners Bank followed.

Appellant contends that the court had no right to strike off the judgment because of the motion to amend, and that the rule to amend was improperly discharged.

Whether the rule to amend was improperly discharged depends upon who was the owner of the note and, therefore, who had the right to enter judgment.

In its petition appellant avers it was the owner of said judgment and all the property and rights of action of the Dime Bank and Trust Company of Pittston "by transfer and assignment." *It does not say when the transfer was made.* Appellee in his answer says that the appellant "was not the owner of the judgment on November 4, 1932, and that it had not acquired the property and rights of action of the Dime Bank on that date."

Appellant by ordering the case on the argument list admitted the truth of responsive averments of the answer. As stated by the late Mr. Justice BARNES in *Harr v. Bernheimer,* 322 Pa. 412, 414, 185 A. 857: "We must accept as true the averments of the answer, inasmuch as no depositions were taken by the petitioners in the court below. The answer responsively denies the allegations of the petition, particularly with respect to the signatures to the note. The rule is clearly established that when a matter is heard on petition and answer without proofs, the moving party must accept as verity the averments in the pleading of his adversary, which are well pleaded and pertinent to a consideration of the point to be determined at the particular hearing."

A judgment by confession must be self-sustaining of record and the warrant of attorney fully complied with. Admittedly, the Dime Bank and Trust Company of Pittston, Pa., is a stranger to the note upon which the confession was entered. The Miners Savings Bank of

Pittston now tries to overcome this by seeking to amend, but has failed to establish by depositions that the property in the note had been transferred or assigned to it prior to its entry.

In *Boggs v. Levin,* 297 Pa. 131, 146 A. 533, the Supreme Court, at page 134, said: "...... it is apparent the judgment was properly stricken off. A familiar rule is that an authority to confess judgment must be clear and explicit and strictly pursued. Judgment cannot be entered in favor of a stranger to the contract, and, before plaintiff is entitled to recover on the lease in question, the burden is on him to show he has an interest therein."

We see no error in the action of the court below.

The order of the court below is affirmed at costs of appellant.