**UNITED STATES of America,
Plaintiff,**

v.

**Mary STUART, Defendant.
Civ. No. 7769.**

United States District Court
M. D. Pennsylvania.
Aug. 16, 1967.

Bernard J. Brown, U.S. Atty., Carlon M. O'Malley, Jr., Asst. U.S. Atty., Scranton, Pa., for plaintiff.

Robert P. Casey, Scranton Pa., for defendant.

## OPINION

SHERIDAN, Chief Judge.

These are motions by the United States of America to amend a judgment it entered against defendant, Mary Stuart, and by defendant to vacate and set aside the judgment.

On January 24, 1959, Stuart Lumber Company, Inc. obtained a loan of $150,-000 from the First National Bank of Carbondale, Carbondale, Pennsylvania, and the Small Business Administration (SBA), an agency of the United States. As additional collateral security, Joseph A. Stuart and Mary Stuart, his wife, executed a guaranty agreement and a confession of judgment. In March 1962, the loan being in default, the bank assigned all instruments held by it to the SBA. On July 16, 1962, judgment of $94,120.27

was entered in favor of the United States and against the corporate debtor.[1] The United States foreclosed and corporate real estate was sold by the marshal to the SBA for a net fair value of $70,435.87, leaving a balance owing of $23,684.40.[2] On July 16, 1962, the United States entered the confession of judgment against Mary Stuart.[3] At the time judgment was entered, there was nothing in the record to indicate that the United States had any interest or rights in the guaranty or in the accompanying confession of judgment.

Defendant filed a motion under Rule 60(b) (4) of the Federal Rules of Civil Procedure to vacate and set aside the judgment as void for the following reasons: (1) the judgment had been entered by the United States, a stranger to the guaranty contract and the accompanying confession of judgment; (2) the warrant of attorney contained no authority to confess judgment against Mary Stuart in the courts of the United States; (3) the warrant of attorney contained no authority to enter judgment against Mary Stuart alone, the only authority being to confess judgment jointly against Joseph A. Stuart and Mary Stuart; (4) the court lacked jurisdiction of the subject matter of the action and of the person of the defendant, Mary Stuart, at the time of the entry of the judgment by confession. The United States filed a motion under Rule 60(a) to amend the judgment on the ground that the warrant of attorney to confess judgment had, in fact, been assigned to the SBA by the First National Bank of Carbondale on March 1, 1962, but that the assignment, together with a statement of facts concerning the assignment, were "inadvertently omitted at the time the said judgment was entered."

THE MOTION TO AMEND: Rule 60(a) provides in pertinent part:

"Rule 60. Relief From Judgment Or Order.

(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party * * *."

The United States urges that the failure to file the assignment is an omission or oversight in the record which falls within the purview of the rule. The defendant answers that "the United States seeks to amend the judgment by adding to it vital jurisdictional facts to show that at the time the judgment was entered some three years ago, the United States did, in fact, have ownership rights in the instruments pursuant to which judgment was entered"; that Rule 60(a) "was intended to cover clerical or minor details, not going to the substance of the judgment before the court." Neither party has cited authority which permitted an assignee to amend to plead an assignment after the entry of judgment.

"Record" in Rule 60(a) "refers not only to process, pleadings, verdicts, orders and judgments, but also to evidentiary documents, testimony taken, findings of fact and conclusions of law, etc.—or, in other words, to all things of which there is a record in the action." 6 Moore, Federal Practice para. 60.06 [2] (2d ed.). Errors in the record arising from oversight or omission must be distinguished from errors of a more serious or substantial nature which are governed by Rule 60(b). Id., paras. 60.06 [1], 60.06[4].[4] The cases, however, are

---

1. Civil Action No. 7768, Middle District of Pennsylvania.

2. The purchase price was $8,500.00. The fair value was fixed by this court on the petition of the United States against the corporate debtor.

3. Joseph A. Stuart died on September 6, 1960.

4. Relief under Rule 60(b) is apparently not open to the United States. The motion for relief under Rule 60(b) (1) because of mistake, inadvertence or excusable neglect must be made not more

not in harmony as to what constitutes substantial errors of oversight and omission. At various times the courts have treated errors of law as oversights which both may and may not be corrected under Rule 60(a). Id., 60.06[4]; First Nat'l Bank In Greenwich v. National Airlines, Inc., S.D.N.Y. 1958, 167 F.Supp. 167. Even "oversights" which depended for their correction on the intention of a tribunal other than correcting court have been treated as oversights *which may* be corrected under Rule 60(a). 6 Moore, Federal Practice para. 60.06[4]. Such oversights, however, clearly have been of a substantial nature. James Blackstone Mem. Assoc. v. Gulf, Mobile & Ohio R.R. Co., D.Conn.1961, 28 F.R.D. 385. In County of Imperial, etc. v. United States, 9 Cir. 1965, 348 F.2d 904, the parties stipulated to all the facts and the court decreed that plaintiff's tax liens had been extinguished by defendant's acquisition of title in the foreclosure proceedings. The court held it was error to amend the judgment to add a second parcel of real estate. In United States ex rel. Tillery v. Cavell, 3 Cir. 1961, 294 F.2d 12, through inadvertence appellant did not introduce into evidence the transcript of state court proceedings involving the same cause of action. The court held that the district court lost jurisdiction after the appeal was filed and that the admission of the transcript by the district court was not a permissible correction of a mistake as contemplated by Rule 60(a).

In these cases basic unfairness would have resulted if the correction had been allowed. Where the intention of another tribunal is involved, the correcting court does not know whether the other tribunal did, in fact, proceed deliberately or by oversight and to permit the correction could introduce an element into the judgment by which a party should not be bound. The addition of the second parcel of land, which apparently had not been part of the stipulation, to the judgment would have extinguished liens on land not covered by the stipulation and the court properly held the amendment was substantial. The admission of the transcript denied the opposing party the right to controvert this evidence at the trial and to have all evidence considered as a whole at the time of the court's decision.

■ Basic unfairness will not result if the bank's assignment to the SBA is permitted to be filed. The guaranty was on SBA Form 148A. Defendant knew when the loan was made that the SBA had a vital and substantial interest. Judgment was timely entered by the United States, and constituted clear notice to the defendant, who does not deny the indebtedness, that she would be held liable. There is no suggestion that defendant changed her position or suffered any prejudice because the assignment was not filed; on the other hand, the United States would suffer substantial harm if defendant was able to take advantage of this defense. Moreover, defendant was served with the petition to fix the fair value of the real estate, filed March 11, 1963, in which the United States alleged that defendant and the corporation were liable on the judgment entered against the corporate debtor. The deficiency was established by the order of December 30, 1963, which fixed the fair value, yet defendant made no complaint until she filed her motion in June 1965, almost three years after the judgment was entered and 18 months after the deficiency was established. Equitable considerations such as these are not without significance in determining the motions of the plaintiff and the defendant. Rome S & S Station v. Finch, 1933, 111 Pa.Super. 226, 228, 169 A. 476.

than one year after the entry of judgment. Here the motion to amend was filed almost three years after entry of judgment. And the court may not consider a motion under the "any other reason" provision of clause (6) of Rule 60

(b) if the reason falls within those designated by clause (1) of Rule 60(b). Federal Deposit Insurance Corp. v. Alker, 3 Cir. 1956, 234 F.2d 113, 115, and footnote 5 thereof.

Whether the United States should be permitted to amend, however, need not depend on these considerations. Both sides cite Dime Bank & Trust Co. v. Manganiello, 1943, 152 Pa.Super. 270, 31 A.2d 564, as the only case found dealing with a creditor who entered judgment by confession and who sought to amend the judgment to plead an assignment.[5] Defendant merely states that the creditor was not permitted to show the assignment. It is clear that the amendment was disallowed because petitioner did not establish that the note had been assigned to him prior to its entry. The court said:

"A judgment by confession must be self-sustaining of record and the warrant of attorney fully complied with. Admittedly, the Dime Bank and Trust Company of Pittston, Pa., is a stranger to the note upon which the confession was entered. The Miners Savings Bank of Pittston now tries to overcome this by seeking to amend, but has failed to establish by depositions that the properly in the note had been transferred or assigned to it prior to its entry."

In Plains State Bank v. Bernardi, 1934, 29 Luz.Leg.Reg. 223, a decision of the Luzerne County, Pa. Court of Common Pleas, the court permitted the equitable owner of a non-negotiable note, pursuant to which judgment by confession had been entered, to amend the judgment by substituting for the Plains State Bank the name of Paul Sindaco, nominal plaintiff, to the use of the Plains State Bank. The bank, by a previous assignment, was owner of the note. Gordon, the State Secretary of Banking and receiver for liquidation of the bank, succeeded to the bank's interest. In permitting the amendment, the court said:

"This brings us to the question whether plaintiff should be granted leave to amend the judgment in having the entry read: 'Paul Sindaco, to the use of the Plains State Bank.' The Secretary of Banking avers in the petition that through inadvertence the judgment was entered in the name of the Plains State Bank; that the proceeds of the said note were paid by cashier's check, payable to Beni Bernardi and endorsed by him; that the note was actually and orally assigned and physically delivered by the payee to the Plains State Bank prior to the payment by the bank of the proceeds of the cashier's check to Beni Bernardi; and that the Plains State Bank is the legal as well as the equitable owner of said note. The allowance of the amendment will not introduce any new cause of action. It cannot prejudice the defendant. The law has well recognized the right of the Court to correct such a situation in allowing the plaintiff to amend the entry of a judgment by adding the name of another as legal plaintiff for his use. Walthour v. Spangler, 31 Pa. 523.

In West Penn Sand & Gravel Co. v. Shippingport Sand Co., 1951, 367 Pa. 218, 80 A.2d 84, the defendant complained that the affidavit of default was not verified by the plaintiff and moved to strike off the judgment. In rejecting this contention, the court said:

"* * * It may not be amiss in this connection to say that courts should not be astute in enforcing technicalities to defeat apparently meritorious claims; if defendant has any real or substantive defense to the confessed judgment the way lies open to it to present it."

Accord Aiken, to Use of Mayberry v. Mayberry, 1937, 128 Pa.Super. 15, 193 A. 374. In Kaylor v. Shaffner, 1855, 24 Pa. 489, the court had before it a question

---

5. Pennsylvania follows a procedure similar to Rule 60(a) where "[f]ormal defects, mistakes and omissions in confessions of judgments may be corrected by amendment where the cause of action is not changed, where the ends of justice require the allowance of such an amendment and where the substantial rights of the defendant or any third person will not be prejudiced thereby." 20 P.L.E. Judgment § 35.

concerning a statute, 12 P.S. § 533,[6] which empowered the court in all cases of judgments entered by confession to permit amendment by changing or adding the name or names of any party, plaintiff or defendant, whenever it appeared that a mistake or omission had been made in the name or names of any such party. The court said:

"  *  *  *  Statutes of amendment ought to be liberally construed in suppression of the mischief designed to be remedied. Where the plaintiff, by mistake either of law or fact, brings an action for his use in the name of one who has no title to support it, the Act of 1852 fairly applies to the case; and whenever it shall appear to the Court that such a mistake has actually occurred, it is the duty of the Court to correct it, taking care that the amendment be not used for the purpose of introducing a cause of action substantially different from that on which the suit was actually, although informally, brought."

And in Kaufmann's Estate, 1928, 293 Pa. 73, 141 A. 852, the court said:

"But 'the test is the cause of action, not the statute of limitations'  *  *  *; and, if the cause is not changed, the fact that the statute would bar a new action will not prevent an amendment by adding another party as plaintiff  *  *  *, or by changing the capacity in which the plaintiff sues  *  *  *" (Citations omitted.)

The motion by the United States to amend is allowed.

■ THE MOTION TO VACATE AND SET ASIDE JUDGMENT: Defendant argues that even if the amendment is allowed, the assignment is vague both with respect to whether there was an intention by the bank and the SBA to make an assignment to the United States, and whether the rights under the guaranty and the accompanying warrant of attorney were intended to be assigned. The judgment was entered in favor of the United States not by virtue of any assignment from the SBA, but rather by virtue of the assignment of the note to the SBA by the bank. The SBA, a non-incorporated federal agency, is an integral part of the United States Government in whose name the action is maintained. Cf. United States v. Newton Livestock Auction Market, Inc., 10 Cir. 1964, 336 F.2d 673; United States v. Kohn, W.D.S.C. 1965, 243 F.Supp. 293; United States v. Oswald & Hess Co., 3 Cir. 1965, 345 F.2d 886; vonLusch v. Hoffmaster, D.Md. 1966, 253 F.Supp. 633; United States v. Shofner Iron & Steel Works, 9 Cir. 1948, 168 F.2d 286; United States v. Utica Meat Co., N.D.N.Y.1955, 135 F.Supp. 834. It is clear that the guaranty and confession of judgment, in addition to other documents, were assigned to the SBA. The assignment sets forth the background and circumstances of the 1959 loan and SBA's participation. While the guaranty and confession of judgment are not specifically mentioned in the assignment, after a recitation of specific documents assigned, it is set forth that "All other instruments held by Bank in connection with the said loan" are assigned.

■ Defendant next argues that judgment cannot be entered in favor of a stranger to the contract giving rise to the judgment, and if the interest of the defendant is not clearly set forth in the averment of default, the judgment may be stricken off. Defendant cites Dime Bank & Trust Co. v. Manganiello, supra, and Boggs v. Levin, 1929, 297 Pa. 131, 146 A. 533, in support of this proposition. These cases do not help defendant. In the *Dime Bank* case, petitioner in his petition to amend the judgment had the opportunity but failed to show that he was the owner at the time of its entry. In Boggs, there is no indication that the party opposing the motion to strike the judgment moved to amend the record to aver his ownership

---

6. Suspended as to certain actions as provided by the Pennsylvania Rules of Civil Procedure. Pa.R.Civ.P. 1451, 12 P.S. Appendix.

of the judgment. In Boggs, the court said:

" * * * Even the confession of judgment and affidavit accompanying it do not furnish information on the question. They merely recite the lease was between George H. Boggs and Mitchell Levin, an averment which is directly contradicted by the lease itself, which shows it to be between Maustbaum Bros. & Fleisher and Levin. No averment is set forth that Boggs is the owner of the premises and approved the lease as such. If this were the fact plaintiff did not see fit to bring it on the record in a proper manner, and it is not within the province of the court to supply the omission by inference. * * * "

Defendant argues that the confession of judgment does not authorize entry of the judgment in courts of the United States. The confession of judgment provides:

"And further, the undersigned does hereby authorize and empower any attorney of any Court of Record of Pennsylvania, *or elsewhere*, to appear for and to confess judgment against them for the above sum, as of any term, past, present or future, with or without declaration, with costs of suit, release of errors, without stay of execution, and with five per cent added for collecting fees; * * *." (Emphasis supplied.)

There is no doubt that a United States District Court is a court of record. 21 C.J.S. Courts § 5; 36A C.J.S. Federal Courts § 305. The confession of judgment is general in terms and not limited to any specific court or courts. While this court may not be, strictly speaking, a court of record of Pennsylvania, but rather a court of record located in Pennsylvania, the confession of judgment does not limit the entry of judgment to a court of record of Pennsylvania but through

use of the words "or elsewhere," permits entry of the judgment in any court of record. And there is no prohibition in law from entering a judgment by confession in a court of the United States provided the requisites of federal jurisdiction exist as they do in this case. 6 Moore, Federal Practice para. 58.09 (2d ed.).

Finally, defendant argues that the confession of judgment authorizes the entry of a judgment against both Mary Stuart and her husband, Joseph A. Stuart, a co-signer of the document, and not against only one of them. At the time the judgment was entered, Joseph A. Stuart was dead; hence the judgment was entered against Mary Stuart alone.[7] Both the guaranty and the confession of judgment were executed at the same time as a part of the same transaction. There is no requirement that a contract be evidenced by a single instrument. If contracting parties choose, they may express their agreement in one or more writings and, in such circumstances, the several documents are to be interpreted together, each one contributing to the ascertainment of the intent of the parties. International Milling Co. v. Hachmeister, 1954, 380 Pa. 407, 110 A.2d 186. This is true even where there are no specific references in one agreement to the other agreement. Chicago Pneumatic Tool Co. v. Ziegler, 3 Cir. 1945, 151 F.2d 784. The guaranty provided that the "term 'undersigned' as used in this agreement shall mean the signer or signers of this agreement, and such signers, if more than one, shall be jointly and severally liable." It also provided that all liability would survive the death of any one or more of the signers. It is apparent that these clauses control the language of the confession of judgment. The confession of judgment, typed on a page separate from the guaranty, which is a printed form, begins with the words "And further." It also refers to the "above sum" even though

7. Under Pennsylvania law death terminates a warrant of attorney to confess judgment and judgment is properly entered against the surviving obligors. First Fed. S. & L. Assn. v. Porter, (et al., Aplnt.), 1962, 408 Pa. 236, 183 A.2d 318.

there is no "above sum" in the confession of judgment. The sum is set forth in the guaranty. Under these provisions, it was proper to enter judgment against defendant alone who is jointly and severally liable.

■ Even if the documents were construed separately there would still be several liability and authorization to confess judgment. The confession of judgment provides that "the undersigned does authorize" etc. The word "does" appears elsewhere in the confession of judgment. A promise by several persons expressed in the singular binds them jointly and severally. Cf. Restatement, Contracts § 115; Morrison v. American Surety Co., 1909, 224 Pa. 41, 73 A. 10; Yadusky v. Shugars, 1930, 301 Pa. 99, 151 A. 785; United States v. Kohn, supra. The language in tantamount to stating that "each does" authorize the action set forth. See also Kingston National Bank v. Walters, 1949, 163 Pa.Super. 624, 63 A.2d 380.

The motion of the defendant to vacate the judgment is denied.